UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALEXANDER HOYES ZAMORA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 5:26-cv-01983-KES<br><br>ORDER GRANTING THE PETITION IN PART AND ORDERING A BOND HEARING WITHIN SEVEN (7) DAYS |

## I.   INTRODUCTION

Jose Alexander Hoyes Zamora ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  The parties have consented to the jurisdiction of the Magistrate Judge.  (Dkt. 5, 10.)  The Petition is GRANTED to the extent that Petitioner seeks an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.   PROCEDURAL HISTORY

Petitioner filed the present Petition on April 20, 2026.  (Dkt. 1.)  The Petition raises the following claims:

Ground 1: Violation of 8 U.S.C. § 1226(a), Unlawful Denial of Bond

1

Hearing.  Petitioner alleges that Respondents improperly applied § 1225 to his immigration case and denied a bond hearing when he is entitled to such a hearing under § 1226(a).  (Id. at 6-7.)  To that end, Petitioner seeks "a writ of habeas corpus directing Respondents to release Petitioner or, in the alternative, to provide Petitioner with a bond hearing to which Petitioner is legally entitled within seven (7) days."  (Id. at 7.)

Ground 2: Violation of Procedural Due Process.  Petitioner alleges that his detention without a bond hearing, absent a finding that he is a flight risk or danger to others, violates his right to procedural due process.  (Id.)

On the same day Petitioner filed his Petition, he also filed an ex parte application for a temporary restraining order ("TRO").  (Dkt. 4.)  The Court set an expedited briefing schedule for the Petition and denied the TRO, finding that the expedited briefing schedule was sufficient.  (Dkt. 7, 9.)

On April 28, 2026, Respondents answered the Petition and conceded that Petitioner appears to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal 2025), and is therefore entitled to a bond hearing.  (Dkt. 12 at 2.)

## III.   FACTUAL RECORD

In December 2022, Petitioner was placed in removal proceedings and charged with inadmissibility for having entered the United States without inspection or admission.  (Dkt. 1 at 6, ¶ 28.)  Petitioner was released from immigration custody on an Order of Recognizance but was subsequently arrested by immigration authorities and is currently detained at the Adelanto ICE Detention Facility.  (Id. ¶ 29.)  His removal proceedings remain pending.  (Id. ¶ 30.)  Petitioner was denied a bond hearing by an Immigration Judge as a result of the Board of Immigration Appeals' ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA

2025),[1] even though he is charged with entering the United States without inspection or admission.  (Id. ¶ 31.)  He has a scheduled master hearing set for May 26, 2026.  See Automated Case Information, EOIR, https://acis.eoir.justice.gov/en/ (last accessed Apr. 29, 2026).

**IV.    DISCUSSION**

Petitioner is entitled to relief on Ground 1 because he is a member of the Bond Eligible Class that was certified in Bautista.  The district court in Bautista defined the Bond Eligible Class as:

> All noncitizens in the United States without lawful status who
> (1) have entered or will enter the United States without inspection;
> (2) were not or will not be apprehended upon arrival; and (3) are
> not or will not be subject to detention under 8 U.S.C. § 1226(c),
> § 1225(b)(1), or § 1231 at the time the [DHS] makes an initial
> custody determination.

Bautista, 813 F. Supp. 3d at 1127.  "Ultimately, the final judgment entered in Bautista declared that class members are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and instead are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)."  Gonzalez v. Acting Warden of the Adelanto Det. Ctr., No. 5:26-cv-01348-AS, 2026 U.S. Dist. LEXIS 82973, at *3-4 (C.D. Cal. Apr. 13, 2026) (citation modified).

In the Answer, Respondents concede that Petitioner appears to be a member

---

[1] "[O]n September 5, 2025, the BIA issued Matter of Yajure Hurtado, adopting DHS's arguments, overruling prior agency practice, and holding that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, including long-term residents who entered without inspection, subjecting them to mandatory detention during removal proceedings."  Chavez v. Kaiser, No. 3:25-cv-06984-LB, 2025 U.S. Dist. LEXIS 203250, at *4 (N.D. Cal. Oct. 9, 2025).

of the Bond Eligible Class in <u>Bautista</u>.  (Dkt. 12 at 2.)  Although Petitioner seeks immediate release or a bond hearing in the alternative, Respondent maintains that, "to the extent Petitioner would be entitled to any remedy via the Petition …, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)."  (<u>Compare</u> Dkt. 1 at 7, <u>with</u> Dkt. 12 at 2.)

In this case, the Court agrees with Respondents that the appropriate remedy is to order a bond hearing.  <u>See</u> <u>Rathi v. Warden of Desert View Annex Det. Facility</u>, No. 5:26-cv-01174-WLH-AYP, 2026 U.S. Dist. LEXIS 61360, at *2-3 (C.D. Cal. Mar. 18, 2026).  The Court will defer ruling on Ground 2, Petitioner's procedural due process claim, until after the bond hearing is held.  <u>See</u> <u>Devi v. Semaia</u>, No. 5:26-cv-00898-DMG-AS, 2026 U.S. Dist. LEXIS 53607, at *3 (C.D. Cal. Mar. 9, 2026) ("Because there is no dispute that [the petitioner] is part of the <u>Bautista</u> class, has not received a bond hearing, and is entitled to one, [the petitioner] … will prevail on the merits of [the] bond hearing claim.  The appropriate remedy is a bond hearing with further recourse in this Court if Respondents fail to provide a hearing that complies with due process.").

## V.    CONCLUSION

IT IS THEREFORE ORDERED that Ground 1 of the Petition is **GRANTED** to the extent Petitioner seeks a bond hearing pursuant to <u>Bautista</u> and § 1226(a). Respondents are hereby ENJOINED from continuing to detain Petitioner without providing an individualized bond hearing **within seven (7) days** of the date of this Order.  Thereafter, **within seven (7) days** of the bond hearing, Respondents shall file a status report detailing the outcome of the bond hearing and stating whether Petitioner has been released from custody.  The Court will then rule on Ground 2 and issue any further orders, if necessary.

DATED:  April 30, 2026

_Karen E. Scott_

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE